UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTHONY KINSEY,

        *Plaintiff*,

v.

W. HARTLEY POWELL,

        *Defendant*.

Civil Action No. 25-00647 (AHA)

**Memorandum Opinion**

Anthony Kinsey sues the South Carolina Department of Revenue's Director in his official capacity, asserting certain state tax assessments and wage garnishments violated his constitutional rights. The Director moves to dismiss the complaint, arguing Kinsey fails to state a claim, that this is the wrong venue, and that this court lacks subject matter jurisdiction and personal jurisdiction. The court agrees it lacks subject matter jurisdiction and grants the motion.

**I.  Background[1]**

According to Kinsey, he has not lived or worked in South Carolina for nearly 20 years, except for short stays in 2020 and 2023. ECF No. 1 at 7–8. Kinsey asserts that South Carolina has nonetheless imposed income tax assessments since 2013, causing his wages to be garnished. *Id.* at 9. Kinsey alleges he was not a South Carolina resident during the relevant periods and earned this income while working outside South Carolina, including in the District of Columbia. *Id.* at 6.

---

[1] As required when considering a motion to dismiss for lack of subject matter jurisdiction, the court accepts the complaint's well-pled allegations as true and draws reasonable inferences in the plaintiff's favor. *Tanner-Brown v. Haaland*, 105 F.4th 437, 443 (D.C. Cir. 2024).

Kinsey filed this suit against W. Hartley Powell, Director of the state's tax department. He asserts claims under 42 U.S.C. § 1983 for violations of his First, Fifth, Eleventh, and Thirteenth Amendment rights, and he seeks declaratory relief, injunctive relief, and damages. *Id.* at 4–5, 11.

## II.   Discussion

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). They may hear only those cases authorized by an act of Congress or the Constitution. *Id.* A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). And "[w]hen a court lacks subject matter jurisdiction, it must dismiss the case." *Auster v. Ghana Airways Ltd.*, 514 F.3d 44, 48 (D.C. Cir. 2008) (citing Fed. R. Civ. P. 12(h)(3)). The court acts with extra care in reviewing a pro se complaint, construing the allegations liberally and "in light of all filings." *Ho v. Garland*, 106 F.4th 47, 50 (D.C. Cir. 2024) (quotation marks omitted) (quoting *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015)).

Here, the court lacks jurisdiction to hear Kinsey's claims. His claims for declaratory and injunctive relief are barred by the Tax Injunction Act. That act states: "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. The Supreme Court has held that this divests federal courts of jurisdiction to issue injunctive or declaratory relief in cases challenging the constitutionality of state tax collections. *California v. Grace Brethren Church*, 457 U.S. 393, 407–08 (1982). Here, Kinsey attempts to do just that. He seeks a declaration that South Carolina lacks authority to tax him and violated his constitutional rights by doing so. ECF No. 1 at 11. He also seeks an injunction to "immediately and permanently

restrain" the state from "collection activities." *Id*. This court lacks jurisdiction to consider such claims.[2]

The court also lacks jurisdiction to hear Kinsey's damages claims. Kinsey purports to sue under § 1983, naming a state official in his official capacity as the defendant. *Id.* at 3–4. But the Supreme Court has held that § 1983 does not abrogate a state's sovereign immunity, and that a suit against a state official in their official capacity "is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Section 1983 accordingly does not provide jurisdiction to hear claims against the Director in his official capacity. On top of that, the Supreme Court has held that § 1983 does not provide federal jurisdiction "to redress the allegedly unconstitutional administration of a state tax system" because such actions are "barred by the principle of comity." *Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 101, 116 (1981); *see also Taalib-Din v. City of Detroit*, 89 Fed. App'x 281, 282 (D.C. Cir. 2004) (holding that although damages claims were not barred by the Tax Injunction Act, they were "barred by the principles of comity which underlie the Act").

## III. Conclusion

For these reasons, this case is dismissed without prejudice. A separate order accompanies this memorandum opinion.

---

[2] The Director argues that the South Carolina Revenue Procedures Act provides procedures for challenging state tax assessments, first administratively and then through state courts. *See* S.C. Code Ann. §§ 12-60-450, 12-60-470, 12-60-3380. Kinsey suggests that he may not have received proper notice of those assessments. *See* ECF No. 1 at 6, 9. However, he does not dispute that South Carolina provides "a plain, speedy and efficient remedy" through its courts, satisfying the Tax Injunction Act's "minimal procedural criteria." *Grace Brethren Church*, 457 U.S. at 411.

_____

AMIR H. ALI
United States District Judge

Date:  October 22, 2025

4